PER CURIAM. We think that the facts set forth in the plaintiff's affidavit show that she is able to prepare the complaint without an examination of the officers of the defendant Pease Piano Company, and the order appealed from, denying said defendant's motion to vacate the order for such examination is therefore reversed, with $10 costs and disbursements, and the motion granted, with costs.

McCARTHY, Respondent, v. MEANEY et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. May 24, 1904.) Action by William J. McCarthy against John F. Meaney and others. No opinion. Judgment affirmed, with costs.

McCHESNEY, Respondent, v. ÆTNA LIFE INS. CO., Appellant. (Supreme Court, Appellate Division, Fourth Department. May 24, 1904.) Action by Carrie V. McChesney, as administratrix, against the Ætna Life Insurance Company. No opinion. Judgment and order affirmed, with costs.

McLEAN v. INTERURBAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. May 13, 1904.) Action by John C. McLean against the Interurban Street Railway Company. No opinion. Motion denied, upon payment by defendant of $10 costs. Memorandum per curiam.

McLEAN v. INTERURBAN ST. RY. CO. (Supreme Court, Appellate Division, First Department. June 17, 1904.) Action by John C. McLean against the Interurban Street Railway Company. No opinion. Motion denied.

McSWEENEY et al., Appellants, v. ERIE R. CO., Respondent. (Supreme Court, Appellate Division, Second Department. June 17, 1904.) Action by Patrick B. McSweeney and another, as administrators, etc., against the Erie Railroad Company. No opinion. Motion for reargument denied, with $10 costs.

MALONE, Appellant, v. MOSS, Respondent. (Supreme Court, Appellate Division, First Department. May 6, 1904.) Action by Eliza Malone against Charles W. Moss. E. Weiss, for appellant. W. J. McCoy, for respondent. No opinion. Judgment affirmed, with costs.

MARCUS, Appellant, v. BLOOMINGDALE, Respondent. (Supreme Court, Appellate Division, First Department. June 10, 1904.) Action by Solomon Marcus against Joseph B. Bloomingdale. S. L. Samuels, for appellant. S. Kohn, for respondent. No opinion. Judgment affirmed, with costs.

MARSHALL, Respondent, v. DE GARMO et al., Appellants. (Supreme Court, Appellate Division, Second Department. June 3, 1904.) Action by Willard A. Marshall against James M. De Garmo and John A. Munger, as executors, etc., of James E. Munger, deceased. No opinion. Judgment and order affirmed, with costs.

MARTIN, Appellant, v. TORREY et al., Respondents. (Supreme Court, Appellate Division, Fourth Department. May 24, 1904.) Action by Frederick Martin against Emory E. Torrey and another.

PER CURIAM. Order modified, by reducing the amount of the fine imposed to the sum of $125, and $75 costs, amounting in the aggregate to the sum of $200, and, as so modified, affirmed, without costs of this appeal to either party.

In re MARTIN'S ESTATE. (Supreme Court, Appellate Division, Second Department. June 10, 1904.) Proceeding for the judicial settlement of the estate of John Martin, deceased. From a surrogate's decree extending distribution, William J. Riley, individually and as administrator of the estate, appeals. Reversed. John R. Kuhn, for appellant. Melville J. France, for respondents.

PER CURIAM. Order of the Surrogate's Court of Kings county affirmed, with $10 costs and disbursements.

HOOKER, J. (dissenting). John Martin died, without a will, leaving no lineal descendants, no ancestors, no widow, and no brothers, sisters, uncles, or aunts. There survived him only one grandnephew and four first cousins, all of whom were removed in the fourth degree. 2 Kent's Comm. 426. This is an appeal from an order of the Surrogate of Kings county directing that a decree, entered theretofore, be vacated and set aside, and that the respondents Dennis Greeley, Michael Greeley, Mary Martin, James Martin, and Catherine Farrell, children of uncles and aunts of the decedent, are entitled to share as next of kin in the distribution of the estate of John Martin, deceased, with the appellant, William J. Riley, a grandson of a deceased sister of the intestate. The decree which has been vacated provided that the balance in the hands of the administrator, after the payment of debts, be paid to the grandnephew, William J. Riley, the appellant. The decree appealed from declares that the five respondents, sons and daughters of a deceased uncle and a deceased aunt of the intestate, or first cousins, are next of kin with Riley, and are entitled to share in the distribution. None of the facts are in dispute, and we are called upon to decide no question except whether, under the provisions of section 2732 of the Code of Civil Procedure, sons and daughters of a deceased uncle and a deceased aunt of the intestate are entitled to share in the distribution of his personal estate with a son of a deceased daughter of a deceased sister of the intestate. The Code section referred to provides for the manner in which the surplus of the personal property of an intestate shall be distributed; its several subdivisions purporting to treat of different contingencies. Subdivision 5 reads as follows: "If there be no widow, and no children, and no representatives of a child, the whole surplus shall be distributed to the next of kin, in equal degree to the deceased, and their legal representatives; and if all the brothers and sisters of the intestate be living, the whole surplus shall be distributed to them; if any of them